**Exhibit A**

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ELBERT, STATE OF COLORADO**<br>Elbert County Courthouse<br>751 Ute Avenue<br>Kiowa, CO 80117 | DATE FILED: May 21, 2024 9:46 PM<br>FILING ID: 4208519A2E84F<br>CASE NUMBER: 2024CV30044 |
| Plaintiff(s):   **RENEIGH BEARD, an Individual; KARLIL JOHNSON, an Individual.**<br><br>v.<br><br>Defendant(s): **KIA AMERICA, INC., a Foreign Corporation.** | ☐   Court Use Only   ☐ |
| Attorneys for Plaintiff<br>*EARL & EARL, PLLC.*<br>4565 Hilton Parkway, Ste. 228<br>Colorado Springs, CO 80907<br>Ryan T. Earl, Esq., # 45910<br>Collin J. Earl, Esq., # 41808<br>Telephone: 719-900-2500<br>Facsimile:  719-269-8832<br>ryan@earlandearl.com | Case Number:<br><br>Div.:    Courtroom |
| **COMPLAINT** ||

**COMES NOW** the Plaintiffs, **Reneigh Beard and Karlil Johnson,** by and through their attorneys, *Earl & Earl, PLLC.,* and submits their Complaint against the Defendant, Kia of America, Inc. and alleges and avers as follows:

## JURISDICTION AND VENUE

1. At all times pertinent hereto, Plaintiffs, Reneigh Beard and Karlil Johnson, were residents of the State of Kansas.

2. Upon information and belief, at all times relevant to this action, Defendant Kia of America, Inc. is a foreign corporation licensed to do business in the State of Colorado, conducted and presently conducts regular and sustained business activity in the State of Colorado.

3. Pursuant to C.R.C.P. 98(c)(1), venue is proper in the District Court of Elbert County, as the incident occurred in Elbert County.

///

///

## FACTUAL ALLEGATIONS

4. Plaintiff Reneigh Beard and Plaintiff Karlil Johnson incorporate herein by reference relevant jurisdiction and venue allegations set forth with specificity in all preceding paragraphs of this civil Complaint as if set forth *verbatim.*

5. On or about June 28, 2022 at all times relevant to Plaintiff Reneigh Beard and Plaintiff Karlil Johnson's claims, Defendant Kia of America, Inc. (hereinafter Defendant Kia), whose principal office is located at 111 Peters Canyon Road, Irvine, California 92606, was licensed to do business in the State of Colorado and the State of Missouri.

6. This action is a product liability action against Defendant Kia on account of personal injuries sustained by Plaintiff Reneigh Beard and Plaintiff Karlil Johnson (hereinafter collectively known as 'Plaintiffs') as defined by and governed by C.R.CS. 13-21-401 et seq. and Defendant is the manufacturer of the vehicle as defined by C.R.S. 13-21-401 et seq.

7. Defendant Kia is now, and at all times relevant to this complaint, was in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of motor vehicles, including the vehicle in question.

8. Defendant Kia was the manufacturer of the 2021 Kia K5, VIN #5XXG14J29MG025700 that is the subject of this complaint. (hereinafter referred to as 'Kia K5')

9. In April 2021, Plaintiff Reneigh Beard (hereinafter Ms. Beard) purchased the 2021 Kia K5 as 'new' from a reputable Kia dealership known as Roper Kia located at 320 Hodgdon Road, Joplin, Missouri 64801. The Kia K5 had 417 test miles on it at the time Ms. Beard purchased it.

10. The Kia K5 was sold as new by Defendant Kia and was equipped with "Lane Assist", "Steering Assist" and general safety equipment such as airbags.

11. On or about June 28, 2022, Ms. Beard and Plaintiff Karlil Johnson (hereinafter Mr. Johnson) were involved in a single motor vehicle accident with the vehicle manufactured by Defendant Kia in the State of Colorado, County of Elbert when the steering assist and lane assist malfunctioned and the passenger air bag did not deploy.

12. Ms. Beard did not have any known service facility remove, repair or disturb the lane assist, steering assist or airbag functions of her Kia K5.

13. Upon information and belief, prior to the motor vehicle accident, Ms. Beard did not receive any recall notices related to her 2021 Kia K5.

14. Prior to the accident, Ms. Beard felt that lane and/or steering assist varied in its response while she was driving. The lane and/or steering assist would pull harder in some instances than other times. Ms. Beard did not use this feature often.

15. On June 28, 2022, Ms. Beard was the driver of the Kia K5 and Mr. Johnson was the passenger.

16. On June 28, 2022, Plaintiffs were traveling westbound on Interstate 70 in Elbert County, Colorado with the steering assist and lane assist engaged.

17. While Ms. Beard was driving the Kia K5 westbound on Interstate 70, at or near milepost 341 in Elbert County, Colorado, in the left lane, the lane and/or steering assists suddenly yanked the vehicle to the left, causing the vehicle to strike a guardrail along the left shoulder of the roadway.

18. After striking the guardrail, the Kia K5 rolled over and continued up a roadside embankment on the north side of the Interstate, and came to final rest on all four wheels in the grass, facing westbound.

19. Mr. Johnson was a properly restrained passenger and, in the accident, none of the passenger side airbags deployed.

20. Ms. Beard operated the Kia K5 in a manner that was reasonably expected by Defendant Kia.

21. As the manufacturer of the Kia K5 and other various vehicles, Defendant Kia owes a duty to design and manufacture a vehicle that is reasonably safe.

22. As the manufacturer of the Kia K5 and other various vehicles, Defendant Kia owes a duty not to design and manufacture products that are more dangerous than an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner.

23. As the manufacturer of the Kia K5 and other various vehicles, Defendant Kia owes a duty not to design and manufacture a vehicle equipped with steering assist and/or lane assist that pulls a vehicle so forcefully in a direction, that is causes the vehicle to swerve beyond control of the driver.

24. As a direct and proximate result of the vehicle steering and lane assist malfunctions, giving rise to this suit, Plaintiffs incurred in the past, and will continue to incur into the future, economic expenses, losses and damages including, but not limited to, medical and other health care and rehabilitation expenses related to their injuries and loss of time.

25. As a direct and proximate result of the incident giving rise to this suit, Plaintiffs incurred in the past, and will continue to incur into the future, non-economic expenses, losses, and damages including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life.

///

## FIRST CLAIM FOR RELIEF
### *Strict Liability- Manufacturing Defect*

26. Plaintiffs incorporate herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

27. Upon information and belief, Ms. Beard's vehicle was "defective" and "unreasonably dangerous" when it entered the stream of commerce and was received by Ms. Beard, because it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer. Ms. Beard did not have reason to believe the vehicle's lane assist was in a condition not suitable for its proper and intended use.

28. Ms. Beard purchased the vehicle from a Kia dealership, for use in the manner in which it was intended, and upon making the purchase and subsequent use was reasonably foreseeable to Defendant Kia.

29. The Kia K5 failed to perform to its intended function.

30. Defendant Kia manufactured, tested, inspected or marketed the Kia K5 vehicle in such a manner that made it unreasonably dangerous to the consumer who used it as intended.

31. Defendant KIA breached this duty and/or unreasonably failed to exercise reasonable care to protect Plaintiffs against dangers by manufacturing, testing, inspecting or marketing a vehicle unreasonably dangerous to consumers who use them as intended.

32. The above-mentioned breach of duty owed by Defendant KIA to Plaintiffs, directly and proximately caused Plaintiffs to incur past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to her injuries and loss of time.

33. The above-mentioned breach of duty owed by Defendant KIA to Plaintiffs directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

## SECOND CLAIM FOR RELIEF
### *Strict Liability- Design Defect*

34. Plaintiffs incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

35. The Kia K5 as tested, designed, manufactured, inspected, marketed, distributed, and/or sold by Defendant Kia reached Ms. Beard without substantial change in its condition.

36. Integral to the function and design of the Kia K5, the lane assist feature should have been safe for use.

37. Integral to the function and design of the Kia K5, the steering assist feature should have been safe for use.

38. Integral to the function and design of the safety features of the Kia K5, in a rollover accident, the passenger air bags should have deployed.

39. Defendant Kia's design defects were the direct and proximate cause of Plaintiffs' injuries. Plaintiffs have sustained continuing physical and emotional injuries and will continue to incur medical costs related to their injuries.

40. Defendant Kia's design defects directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional stress, and impairment of quality of life.

## **THIRD CLAIM FOR RELIEF**
*Negligence*

41. Plaintiffs incorporates herein by reference the relevant and needed allegations set forth with specificity in all preceding paragraphs of this Civil Complaint as if set forth *verbatim.*

42. Defendant owed a duty to design and manufacture products that are reasonably safe, including the Kia K5.

43. Defendant owed a duty to inspect, market and sell products that are reasonably safe, including the Kia K5.

44. Defendant breached its duties, having negligently designed, manufactured, marketed, and/or sold the Kia K5 when it knew or with reasonable care, should have known the Kia K5 to be dangerous and defective in nature, design and materials, and in a dangerous and/or defective condition, when it would come in to use by persons who were not aware of the dangerous conditions of the lane assist and steering assist feature. Defendant failed to use reasonable care to prevent such injuries to such persons as Ms. Beard and Mr. Johnson.

45. Defendant KIA's negligence was the direct and proximate cause of Plaintiffs' injuries. Plaintiffs have sustained continuing physical and emotional injuries and will continue to incur medical costs related to their injuries.

46. As a direct and proximate result of the negligent, tortious, and recklessly indifferent conduct of Defendant KIA, Plaintiffs suffered injuries and damages, from the incident, as follows:

    a. Emotional distress;

    b. Past, present and future pain, suffering and discomfort, both physical and psychological;

    c. Past, present and future loss of enjoyment of life;

   d. Future medical expenses for treatment of their physical and psychological injuries, which can reasonably be anticipated;

   e. Past medical expenses, including expenses for prescriptions and pain therapy;

   f. Damages, losses and other physical and psychological injuries that are not known at this time;

   g. Loss of time; and

   h. Other incidental and out-of-pocket expenses, at a value, which has yet to be determined.

   **WHEREFORE,** Plaintiffs individually, pray judgment be entered in their favor against the aforesaid Defendant KIA, in an amount which will fully and fairly compensate Plaintiffs for their injuries, damages, losses, both past, present, and future. Plaintiffs further pray that judgment be entered and that the Court award interest as permitted by law, costs of this suit, expert witness fees and for such other and further relief as this Court may deem just and proper, and which may be permitted by common law, state and federal statutes and case law.

Respectfully submitted this 21st of May, 2024.

            */s/ Ryan T. Earl, Esq.*
            ***Earl & Earl, PLLC.***
            Attorneys for Plaintiff
            *A duly signed original on file at the offices*
            *of Earl & Earl, PLLC.*

Plaintiff's Address
Reneigh Beard and Karlil Johnson
C/O Earl & Earl, PLLC

# VERIFICATION

STATE OF KANSAS     )
                    )ss
COUNTY OF Crawford  )

RENEIGH BEARD, being first duly sworn upon oath, says:

That she has read the above foregoing Complaint; that she knows the contents thereof and believes that the facts stated herein are true.

_____
RENEIGH BEARD

SUBSCRIBED AND SWORN to before me this 16th day of May, 2024.

NOTARY PUBLIC FOR Kansas

Mendy Y. Hamilton

Residing at: Pittsburg, KS
Commission Expires: 12-7-25

NOTARY PUBLIC - - State of Kansas
MENDY L. HAMILTON
My Appt. Exp. 12-7-25

STATE OF KANSAS     )
                    )ss
COUNTY OF Crawford  )

KARLIL JOHNSON, being first duly sworn upon oath, says:

That he has read the above foregoing Complaint; that he knows the contents thereof and believes that the facts stated herein are true.

_____
KARLIL JOHNSON

SUBSCRIBED AND SWORN to before me this 16th day of May, 2024.

NOTARY PUBLIC FOR Kansas

Mendy Y. Hamilton

Residing at: Pittsburg, KS
Commission Expires: 12-7-25

NOTARY PUBLIC - - State of Kansas
MENDY L. HAMILTON
My Appt. Exp. 12-7-25

| | |
|---|---|
| **DISTRICT COURT, COUNTY OF ELBERT, STATE OF COLORADO**<br>Elbert County Courthouse<br>751 Ute Avenue<br>Kiowa, CO 80117<br><br>Plaintiff(s):   **RENEIGH BEARD, an Individual; KARLIL JOHNSON, an Individual.**<br><br>v.<br><br>Defendant(s): **KIA AMERICA, INC., a Foreign Corporation.** | DATE FILED: May 21, 2024 9:46 PM<br>FILING ID: 4208519A2E84F<br>CASE NUMBER: 2024CV30044<br><br>☐   Court Use Only   ☐ |
| Attorneys for Plaintiff<br>***EARL & EARL, PLLC.***<br>4565 Hilton Parkway, Ste. 228<br>Colorado Springs, CO 80907<br>Ryan T. Earl, Esq., # 45910<br>Collin J. Earl, Esq., # 41808<br>Telephone: 719-900-2500<br>Facsimile:  719-269-8832<br>ryan@earlandearl.com | Case Number:<br><br>Div.:    Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADINGS OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD-PARTY COMPLAINT AND JURY DEMAND** ||

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 applies to this case unless (check one box below if this party asserts that C.R.C.P. 16.1 does not apply):

    ☐   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, or

    X   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

    By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims

against one of the other parties is reasonably believed to exceed $100,000."

OR

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P. 38.

Respectfully submitted this 21st day of May 2024.

/s/ Ryan Thomas Earl, Esq.
**Earl & Earl, PLLC.**
ATTORNEYS FOR PLAINTIFF
*A duly signed original on file at the offices of Earl & Earl, PLLC.*

NOTICE
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.